# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CORWIN K. WILLIAMS, | |
| Plaintiff, | Case No. 16-CV-442-JPS |
| v. | |
| C.O. KOTKOSKY, | |
| Defendant. | **ORDER** |

On January 23, 2017, the plaintiff filed a motion for reconsideration of the Court's January 4, 2017 order denying him an extension of time related to discovery. (Motion, Docket #26; Order, Docket #24). Though not cited in the motion, this appears to be a request for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b).

FRCP 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 Fed.Appx. 680, 681 (7th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(6)).[1] Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

The plaintiff does not argue that any of these grounds are present. Upon the Court's review, only two are arguably implicated. First is the ground of newly discovered evidence. The plaintiff asserts that he is investigating why his signature was not appended to his original motion, and

---

[1]*Tylon* quotes the previous version of FRCP 60(b)(6), but the verbiage change in 2007 was not intended to be substantive. See Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendment.

alludes that it was torn off by prison officials. (Docket #26). The plaintiff provides no evidence of this, however, and so the instant motion cannot be granted on this basis.

Even if he could produce a signature page for the original motion, his motion was denied for additional reasons. These include that his request came far too late in light of the scheduling order that has been in place in this matter since August 2016. (Docket #24 at 1). As with the original motion, the instant motion fails to state why the plaintiff needs an extension of time, other than a lack of legal experience. He does not, for instance, state that he has been diligently pursuing discovery since August 2016 and is unable to complete what pretrial tasks remain because of the discovery deadline (now passed by almost one month). Finally, the plaintiff does not actually state the length of extension he seeks. For all of these reasons, the Court's ruling on the original motion would not change even had it been properly signed.

The only other applicable provision is the "catch-all." Fed. R. Civ. P. 60(b)(6). The plaintiff asserts his disagreement with the Court's orders on the motion for a discovery extension and on his previous requests for appointment of counsel. *Id.* As the Court has informed the plaintiff in prior orders, simply asserting "that the…court's underlying judgment was wrong…is an impermissible use of Rule 60(b)." *Tylon*, 97 Fed.Appx. at 681. The Court finds no exceptional circumstances upon which to grant the extraordinary relief afforded by FRCP 60(b). Because neither relevant ground provides a basis to grant the plaintiff's motion for reconsideration, it must be denied.

This is the plaintiff's third motion for reconsideration in the previous four months. *See* (Docket #19, #21, and #26). Motions for reconsideration are not typical and should not be used as a quasi-appeal of each one of the

Court's orders. The Court instructs the plaintiff that if he wishes to file any additional motions for reconsideration in this matter, he should carefully consider whether his arguments have any basis in FRCP 60(b). If he believes that they do, he should explicitly state each basis, and the reasons supporting them, in the motion.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge