# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORWIN K. WILLIAMS,

        Plaintiff,

v.

C.O. KOTKOSKY,

        Defendant.

Case No. 16-CV-442-JPS

**ORDER**

**1.     INTRODUCTION**

Plaintiff proceeds on a single claim of excessive force. (Docket #11). On January 25, 2017, Defendant Matthew Kotkosky filed a motion for summary judgment. (Docket #28). Plaintiff Corwin K. Williams' response was due on or before February 24, 2017. Civil L. R. 56(b)(2). As of today's date, Plaintiff has submitted no response; in fact, since he filed his January 23, 2017 motion for reconsideration of a previous order, Plaintiff has filed nothing at all in this case. *See* (Docket #26). The lack of response alone would warrant granting Defendant's motion. Civil L. R. 7(d). Even assuming this were not true, Plaintiff's failure to respond to Defendant's statement of facts renders each fact admitted. Fed. R. Civ. P. 56(e)(2).

Plaintiff was made well aware of the need to respond to Defendant's motion in accordance with the applicable procedural rules. In the Court's scheduling order issued on August 26, 2016, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #15 at 2-3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. (Docket #15-4 and #15-

6). As required by the Local Rules, Defendant's summary judgment motion included further notifications about need for a response and the rules governing that response. (Docket #28).

Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to submit any responsive documents, much less those which would comply with the applicable rules. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* party's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence and argument for him. Further, while the Court is cognizant that Plaintiff lacks legal training, his utter failure to comply with the rules of procedure is not excusable on that ground alone. *See* Fed. R. Civ. P. 56(e); Civil L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against pro se litigants).

In sum, the Court will grant Defendant's motion on two grounds. First is Plaintiff's failure to oppose the motion. Second is that, based on the facts Defendant presented in conjunction with his motion, which the Court deems undisputed, judgment is appropriate in Defendant's favor.

**2.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides the mechanism for seeking summary judgment. Rule 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3.   **FACTS**

The relevant facts are brief and drawn entirely from Defendant's statement of facts. (Docket #30). Plaintiff was incarcerated at Oshkosh Correctional Institution ("Oshkosh") during the relevant time period. Defendant was a correctional officer employed at Oshkosh at the same time. Plaintiff, while receiving his medication from Defendant, stuck his arm through the trap door of his cell. This was an attempt to hold the trap door "hostage" because Plaintiff had other concerns, namely the temperature of his cell, that he wanted addressed. "Holding a trap hostage" violates prison rules and presents a safety and security risk to the prison. The dangers can include assaulting an officer, grabbing items from an officer's utility belt, trading items with other inmates, and potentially finding a way to escape the cell.[1]

Plaintiff refused Defendant's repeated requests to put his arm back in his cell. Instead, Plaintiff began yelling for other inmates to do as he had done. Because of the danger Plaintiff's actions presented, Defendant used his foot to nudge the trap door against Plaintiff's arm, in an attempt to encourage him to remove his arm.

This was ineffective at obtaining compliance, so Defendant found a

---

[1] The inmate could, for instance, press the call button to the control room asking for the door to be opened, or they could simply manipulate the door's locking mechanism from the outside. Inmates have also found ways to crawl out of the trap door opening itself.

supervisory officer to assist him. The officer eventually convinced Plaintiff to remove his arm from the trap door. Plaintiff had not cried out in pain when Defendant nudged the door with his foot, nor did he have any bruising, swelling, or cuts on his arm. A nurse checked Plaintiff for injuries and found none, though he complained of discomfort. She gave him ice and Tylenol. Plaintiff made no other requests for treatment.

**4.     ANALYSIS**

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When an official is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Generally, a *de minimis* use of force cannot support a constitutional claim. *Hudson*, 503 U.S. at 2. Minor injuries resulting from a *de minimis* use of force include bruising, being hit in the head causing daily headaches, and hand swelling and tenderness. *See Outlaw v. Newkirk*, 259 F.3d 833, 839-40 (7th Cir. 2001) (collecting cases). Plaintiff suffered no apparent injuries at all, and his "discomfort" is no more than *de minimis*.

Even assuming Plaintiff had suffered an actionable injury, Defendant's

use of force was a good-faith effort to restore discipline. Plaintiff presented genuine safety and security concerns by holding his trap door hostage, and he was attempting to incite others to do the same. Defendant's nudge on the trap door caused no injury and was an appropriate first response to the danger Plaintiff presented. Once it was apparent that Plaintiff would not budge, Defendant used no more force and instead obtained assistance from his superiors. Finally, there is no evidence to suggest that Defendant's aim was to maliciously and sadistically cause harm. Rather, all signs point to the opposite. The Court concludes that no excessive force was used here.

5.  **CONCLUSION**

In light of the foregoing, the Court must grant Defendant's motion for summary judgment and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that the defendant C.O. Kotkosky's motion for summary judgment (Docket #28) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge